

## NUMBER 13-20-00411-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

TATIANA LEONARD,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

### On appeal from the 214th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Silva

Appellant Tatiana Leonard appeals her conviction for continuous violence against a family member, a third-degree felony. *See* TEX. FAM. CODE ANN. § 25.11(a), (e). Leonard entered a guilty plea and was placed on community supervision, deferred adjudication. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.101(a). Following a motion to revoke probation and adjudicate guilt, Leonard pleaded not true to two allegations and true to four

allegations. At the conclusion of the hearing, the trial court found all of the allegations true, revoked Leonard's community supervision, adjudicated her guilty of the underlying offense, and sentenced her to two years' confinement in the Texas Department of Criminal Justice Institutional Division. Leonard's court-appointed appellate counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. ANDERS BRIEF

Pursuant to *Anders*, Leonard's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Leonard's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Leonard's counsel also informed this Court in writing that he

2

(1) notified Leonard that counsel filed an *Anders* brief and a motion to withdraw; (2) provided Leonard with copies of both pleadings; (3) informed Leonard of her rights to file a pro se response, to review the record prior to filing a response, and to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous; and (4) provided Leonard with a form motion for pro se access to the appellate record with instructions to sign and file the motion with the court of appeals within ten days by mailing it to the address provided. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. An adequate time has passed, and Leonard has not requested access to the record nor filed a pro se response.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed counsel's brief and the entire record, and we have found nothing that would support a finding of reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III.  MOTION TO WITHDRAW

In accordance with *Anders*, Leonard's attorney asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d

3

at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Leonard and to advise her of her right to file a petition for discretionary review.[1] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
31st day of March, 2022.

---

[1] No substitute counsel will be appointed. If Leonard seeks further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.